

# Notice of Service of Process

**null / PERINJ**
**Transmittal Number: 30318522**
**Date Processed: 11/22/2024**

| | |
|---|---|
| **Primary Contact:** | Karen Savignac<br>Allied Universal - Jupiter<br>1395 University Blvd<br>Jupiter, FL 33458-5289 |
| **Entity:** | G4S Secure Solutions (USA) Inc.<br>Entity ID Number  0514713 |
| **Entity Served:** | G4S Secure Solutions |
| **Title of Action:** | David Gregory Allen II vs. G4S Secure Solutions USA, Inc. |
| **Matter Name/ID:** | David Gregory Allen II vs. G4S Secure Solutions USA, Inc. (16552024) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Hamilton County Circuit Court, TN |
| **Case/Reference No:** | 24C1175 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 11/21/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Law Office of Marc Walwyn<br>423-954-7266 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| HAMILTON | STATE OF TENNESSEE CIVIL SUMMONS | Case Number 24C1175 |
|---|---|---|

**DAVID GREGORY ALLEN** vs. **G4S SECURE SOLUTIONS USA, INC et. al.**

Served On:

**G4S Secure Solutions** c/o Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203

You are hereby summoned to defend a civil action filed against you in CIRCUIT Court, HAMILTON County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 11/05/24

_____
Clerk / Deputy Clerk

Attorney for Plaintiff: Law Office of Marc Walwyn, 412 Georgia Ave. Ste. 102
Chattanooga, TN 37403 (423) 954-7266 x110

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, LARRY L. HENRY, CLERK Clerk of Hamilton County do certify this to be a true and correct copy of the original summons issued in this case.

Date: 11/05/24 _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____ By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Signature of Plaintiff

_____
Notary Public / Deputy Clerk (Comm. Expires _____)

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.

Rev. 03/11



IN THE CIRCUIT COURT OF HAMILTON COUNTY
AT CHATTNOOGA, TENNESSEE

FILED IN OFFICE
2024 NOV -5 PM 3:47
LARRY L. HENRY, CLERK
BY _____DS_____ DC

| | |
|---|---|
| DAVID GREGORY ALLEN II, | ) |
| Plaintiffs, | ) Civil Action |
| vs. | ) Case No. 24C1175 |
| G4S SECURE SOLUTIONS USA, INC., JANE DOE, and JOHN DOE, | ) JURY DEMAND |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, David Gregory Allen II, by his attorneys, Marc Walwyn and Walwyn Legal, and brings this Complaint for Damages against G4S Secure Solutions USA, Inc., Jane Doe, and John Doe, as follows:

## STATEMENT OF THE CASE

1. On Sunday, April 14, 2024, David Gregory Allen II ("Nurse Allen") was brutally assaulted by a patient at Parkridge East Hospital due to the negligence of Defendant G4S Secure Solutions USA, Inc. and Jane Doe, who failed to take even the most basic and simple safety and security measures which would have easily prevented this attack.

2. At all times relevant to this Complaint, Nurse Allen was employed as a charge nurse by Hospital Corporation of America, Inc. ("HCA"). From 2011 to 2024, Mr. Allen has worked exclusively in the emergency room department for Parkridge East Hospital, 941 Spring Creek Road, Chattanooga, Tennessee ("Parkridge East"), which is owned by HCA.

3. G4S Secure Solutions USA, Inc. ("G4S") is a private security company. Upon information and belief, G4S is contracted with HCA to provide security for Parkridge East.

1

4. As set forth below, Nurse Allen's assault was a direct result of systemic failures in security at Parkridge East, where intoxicated criminals were routinely transported to 'sober up' at the hospital under the watch of HCA staff, resulting in multiple escalations and assaults in the weeks and months leading up to April 14, 2024.

## PARTIES

5. Nurse Allen is a resident of Catoosa County, Georgia. At all times relevant to this Complaint, Nurse Allen was acting within the course and scope of his employment for HCA as the charge nurse on duty for the Emergency Department at Parkridge East.

6. Defendant G4S is a for-profit security services company, and a subsidiary of G4S plc. Defendant G4S has a principal place of business in Jupiter, Palm Beach County, Florida. Defendant G4S also does business as Allied Universal. Defendant G4S may be served through their registered Agent: Corporation Service Company, 2908 Poston Ave. Nashville, TN 37203-1312. G4S was contracted to provide security services at Parkridge East, including maintaining the safety and security of hospital staff, patients, and visitors.

7. Defendant Jane Doe is an unnamed individual whose identity remains unknown to the Plaintiff despite diligent efforts to identify her. She is named as a Jane Doe due to her status as the lone security guard employed by Defendant G4S on April 14, 2024, while acting within the course and scope of her employment. At that time, she was responsible for providing security services for HCA staff and other members of the public at Parkridge East. Because her identity is currently unknown, she is referred to as Jane Doe, allowing the plaintiff to proceed with legal action against her in connection with the events that transpired during her employment with Defendant G4S. Upon information and belief, Jane Doe is a resident of either Tennessee or Georgia, based upon the hiring practices of Defendant G4S locally.

8. Defendant John Doe is an unnamed individual whose identity remains unknown to the Plaintiff despite diligent efforts to identify him. Additionally, even if Defendant John Doe's identity was known to Plaintiff, due to the protections afforded under

2

applicable HIPAA and Tennessee privacy laws Plaintiff would still be required to name this defendant as John Doe. On the morning of April 14, 2024, while under the influence of alcohol, John Doe was a patient at Parkridge East, where he engaged in an unprovoked assault against Nurse Allen, causing both physical harm and emotional distress. Upon information and belief, Defendant John Doe is a resident of Georgia where he was detained for driving under the influence on the night of April 13, 2024.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to T.C.A. § 16-10-101, as the events giving rise to this Complaint occurred within Hamilton County, Tennessee.
10. Venue is proper in this Court pursuant to T.C.A. § 20-4-101, as it is the county where the incident occurred.

## FACTS SUPPORTING RELIEF

11. Nurse Allen was a Charge Nurse in the emergency room at Parkridge East (the "Emergency Room"). This is a critical role at Parkridge East, ensuring the efficient and effective delivery of patient care. As the charge nurse in the Emergency Room at Parkridge East, Nurse Allen played a pivotal role in the delivery of patient care, overseeing a team of nursing staff and ensuring that assignments were effectively managed to meet the diverse needs of patients. He coordinated patient care by assessing their conditions and prioritizing treatments based on urgency, while also serving as a vital communication link between medical staff, patients, and families. Nurse Allen managed resources efficiently, ensuring the Emergency Room was well-equipped and stocked for any situation that might arise. Committed to quality assurance, he monitored compliance with hospital policies and actively contributed to enhancing care standards and safety measures. In high-pressure situations, he demonstrated exceptional crisis management skills, making swift decisions to mobilize resources as needed. Additionally, Nurse Allen took on a mentorship role, providing training and support to new staff and ensuring that all team members were up-to-date with current practices. His diligent oversight included maintaining

3

accurate documentation of patient care activities, reinforcing his commitment to both legal and clinical excellence.

12. At all times relevant to this Complaint, Nurse Allen worked the weekend shift on Fridays, Saturdays, and Sundays, from 7 a.m. to 7 p.m.

13. The Emergency Room consists of a nurse station connecting two (2) adjacent hallways with approximately twenty (20) rooms. Room Two in the Emergency Room is typically utilized for patients with the potential to harm themselves or others.

14. G4S security personnel would typically sit near the nurses' station, occasionally doing rounds within the Emergency Room. At all times relevant to this Complaint, G4S would staff only one (1) security guard in the Emergency Room. On occasion, a G4S manager or supervisor would visit the Emergency Room. In instances where a patient with the potential to harm themselves or others was triaged in Room Two in the Emergency Room, the G4S security would position themselves outside of that room.

15. In 2024, between the hours of 11 a.m. and 11 p.m., an East Ridge police officer would be staffed in the Emergency Room. The East Ridge Police Department officers demonstrated exceptional effectiveness in the Emergency Room, providing critical support during high-stress situations. These officers were well-trained and in uniform, possessing the physicality and presence to deescalate and prevent bodily injury to patients, staff, and visitors in the Emergency Room. In the weeks and months preceding April 2024, Nurse Allen cannot recall an instance during his shifts where an unruly patient was able to cause bodily injury to patients, staff, and visitors in the Emergency Room while an East Ridge police officer was staffed.

16. At all times relevant to this Complaint, Nurse Allen attempted to work with HCA Staff, East Ridge Police personnel, and G4S to address common security issues in the Emergency Room, ensuring a safe environment for both patients and staff. He regularly communicated with G4S personnel to identify potential risks, such as aggressive behavior from patients or visitors and the need for enhanced surveillance in high-traffic areas.

4

17. Since 2011, Nurse Allen can recall over 50 different occasions during his shifts when he would be forced to physically intervene to prevent a patient from assaulting staff or other personnel. In rare instances, a G4S security guard would intervene and assist Nurse Allen to prevent escalation and physical assault. In most situations, however, the G4S security guard would fail to intervene or assist Nurse Allen.

18. As a practice and policy, G4S would understaff Parkridge East when additional security personnel were needed. As a practice and policy, G4S would also staff untrained security personnel who would refuse to intervene or assist in the event of a potential escalation and/or physical assault by patient or visitor to the hospital. Further, G4S would staff security personnel who were limited in size and stature; unable or incapable of providing the physicality (e.g. fitness, strength, stamina, agility, coordination, etc.) to intervene or assist in the event of a potential escalation and/or physical assault by patient or visitor to the hospital.

19. In April 2024, and in the months preceding, intoxicated persons would frequently be brought by law enforcement officers to the Emergency Room. Upon information and belief, if, during the arrest or transportation, the intoxicated individual would complain of discomfort and/or threaten to vomit, police officers would forego delivery to the local jail and instead bring the intoxicated individual to Parkridge East.

20. Once delivered to Parkridge East, hospital employees would then be required to observe and monitor the intoxicated person for several hours while they would "sober up." In the best-case scenario, during this time the intoxicated patient would evidence a wide range of vocal and emotional behaviors (sometimes tearful, often loud), potentially urinate or defecate in the bed, require food and intravenous fluids, and then depart the Emergency Room. In the worst-case scenario, the patient would become verbally or physically abusive, endangering themselves or others providing care.

21. In the weeks and months prior to April 14, 2024, law enforcement delivered persons intoxicated by drugs or alcohol to the Parkridge East Emergency Room on a weekly basis. These deliveries followed a frequent and predictable pattern.

5

First the intoxicated individuals would typically arrive during the late evening or early morning hours at the Emergency Room. Second, the volume of intoxicated individuals would tend to increase over the weekends. Third, the timeframe when intoxicated individuals would sober up would occur during the pre-dawn or early morning hours. Fourth, the incidents of escalated behaviors and assaults would reach a boiling point in the early morning or mid-morning hours. Fifth, HCA staff and other Parkridge East personnel would preemptively notice a G4S security guard of the potential for escalation well before a physical altercation would occur.

22. On Sunday, April 14, 2024, Nurse Allen arrived at Parkridge East for his shift beginning at 7 a.m. On that date, and at all times relevant to this Complaint, Nurse Allen professionally and capably performed the duties assigned to him as Charge Nurse in the Emergency Room.

23. On Sunday April 14, 2024, Defendant G4S staffed only one (1) security guard for Parkridge East: Jane Doe, who had been working as a security guard in the Emergency Room in the months preceding this date. Jane Doe was female security guard who stood approximately five feet (5'0") tall. She appeared to be in her late 50s or early 60s, overweight, and unathletic. She did not possess the physicality, fitness, stature, or mobility to perform her duties as a security officer. Her name is unknown to Nurse Allen at this time, but he recalls that she reported that she previously worked as a crime scene photographer in Florida in a prior career. At all times relevant to this Complaint, Jane Doe was acting within the course and scope of her employment with G4S.

24. In the evening prior to Nurse Allen's shift, John Doe had been delivered to the Parkridge Emergency Room by police officers. Upon information and belief, John Doe was originally detained and arrested by the Catoosa County Sheriff Department officers for driving under the influence.

25. John Doe was a male in his 20s or 30s, athletic build, six feet (6'0") tall, and approximately 200 pounds. John Doe was placed in Room Eight in the Emergency Room. As John Doe began to "sober up" in the early morning hours of 7 a.m. to 9 a.m., his behavior became more erratic. At some point, John Doe got into an argument with a male Emergency Room doctor, who refused to provide John Doe

6

with a phone call and who wanted Catoosa County Sheriff's Department officers to return to the Emergency Room to retrieve John Doe.

26. John Doe eventually was able to exit Room Eight and began walking down the Emergency Room hallway towards the nurses' station. During this time, he was arguing loudly with another female nurse who was following him down the hallway and requesting that John Doe return to the room. At this time, the G4S security guard, Jane Doe, was stationed outside of Room Two, able to see and hear John Doe and the escalation. As John Doe proceeded down the hallway, Nurse Allen was simultaneously walking another patient towards John Doe to another room for triage. Nurse Allen could see and hear the aggressive behavior of John Doe. Recognizing that the East Ridge Police officer was not yet stationed in the Emergency Room and understanding that Jane Doe was incapable of providing security services to Nurse Allen and other HCA staff, Nurse Allen was forced to intervene.

27. Nurse Allen handed off his male patient to another male nurse and attempted to deescalate John Doe. At this same time, Jane Doe had come on the scene and was standing behind John Doe idly, taking no action to deescalate John Doe or otherwise intervene. During the next minute, John Doe became more erratic and enraged, while Nurse Allen tried to deescalate and Jane Doe did nothing.

28. Suddenly, without warning, John Doe attacked and assaulted Nurse Allen, causing serious and significant injuries to Nurse Allen to be proven at trial. Nurse Allen attempted to stop the assault by physically restraining John Doe. Eventually, 911 was called and East Ridge Police Department officers arrested John Doe. Covered in blood from his injuries, Nurse Allen was briefly treated and triaged before heading to the emergency room at Erlanger Hospital.

29. Following the assault, Jane Doe stated to Nurse Allen, "I'm sorry. There was nothing I could do. I did not want to get hurt."

30. Nothing in Allen's job description, duties, or responsibilities includes the obligation to mitigate, intervene, or prevent assault and battery.

31. G4S failed to take reasonable steps to protect Nurse Allen and other employees of the hospital, including the following:

7

a. Failure to hire security guards in sufficient number and with the appropriate training, expertise, and physical stature to mitigate and intervene in the event of a physical altercation between patients and hospital employees.

b. Ongoing omissions and failure to undertake any necessary and proper responsive action to prevent or mitigate weekly and monthly instances of assault on hospital employees

c. Failure to consult with HCA to increase security or take affirmative steps to increase the number of security personnel, emphasize regular training for all staff on how to de-escalate potentially violent situations, encourage security staff to be visible and accessible.

d. Failure to employ or supervise trained security personnel who are experienced in handling aggressive or intoxicated patients.

e. Failure to implement protocols for assessing the risk level of intoxicated patients to be evaluated quickly to determine if additional security measures are needed, including coordination with HCA and/or police as needed.

f. Failure to create and practice emergency response plans for situations involving aggressive or violent patients. Ensure all staff are familiar with these plans and know their roles.

32. As a direct and foreseeable result of the negligent acts and omissions of Jane Doe, G4S, and John Doe, Nurse Allen sustained traumatic injuries that have significantly impacted his physical and emotional well-being. Their failure to adhere to established safety protocols and provide a secure working environment directly contributed to an incident in which Nurse Allen was exposed to unnecessary risk. This reckless disregard for his safety not only resulted in severe physical harm but also led to ongoing medical treatment and emotional distress.

## CLAIMS FOR RELIEF

**Count I - Negligence (Jane Doe and G4S)**

33. Plaintiff adopts and incorporates all allegations set forth in the preceding paragraphs as if fully stated herein

8

34. Jane Doe owed a duty of care to Allen. Defendant Jane Doe had a duty to exercise reasonable care in her role as a security guard for G4S to ensure the safety of all patients and staff within the Emergency Room. However, she breached this duty by failing to adequately monitor the behavior of John Doe, an intoxicated patient, despite clear signs of his escalating aggression. Jane Doe additionally failed to anticipate the escalation and assault by John Doe. Further, she failed to intervene and prevent the assault. She admitted her fault, stating that there was nothing she could do and that she did not want to get hurt.
35. This breach directly contributed to the circumstances that allowed John Doe to physically assault Nurse Allen, resulting in significant injuries to Nurse Allen. As a direct and proximate result of Defendant Jane Doe's acts and omissions, Nurse Allen suffered harm for which Jane Doe is liable.

## Count II - Respondeat Superior Liability (G4S)

36. Plaintiff adopts and incorporates all allegations set forth in the preceding paragraphs as if fully stated herein
37. At all times relevant to this Complaint, Jane Doe was an employee and/or agent of G4S acting within the course and scope of her employment with G4S.
38. As a direct and proximate result of Jane Doe's negligent acts and omissions described herein, Nurse Allen was assaulted and physically injured by John Doe.
39. G4S is vicariously liable for the tortious conduct of Jane Doe as described herein.

## Count III - Negligent Training and Supervision (G4S)

40. Plaintiff adopts and incorporates all allegations set forth in the preceding paragraphs as if fully stated herein
41. G4S owed a duty of care to Allen. Plaintiff alleges that G4S negligently trained and supervised their employees, resulting in a failure to fulfill their contractual obligation as security personnel for Parkridge East. As the contracted security provider, G4S maintained a special relationship with Parkridge employees, tasked with mitigating and preventing criminal activity within the hospital. G4S had knowledge, or should have had knowledge, of multiple incidents in the weeks and months leading up to April 14, 2024, involving intoxicated individuals being admitted to Parkridge and

subsequently assaulting or battering hospital staff. Specifically, for months prior to April 14, 2024, G4S had actual and constructive knowledge of the frequency, volume, patterns, and scenarios that would result in intoxicated patients

42. Given this awareness, G4S had a clear duty to implement adequate training and supervision to ensure their security personnel were equipped to effectively monitor and control intoxicated individuals, thereby preventing potential assaults and protecting the safety of both staff and patients. Their failure to take appropriate action in light of these known risks constitutes negligence, contributing to the harm suffered by Nurse Allen. In fact, Jane Doe admitted that there was nothing she could do when Nurse Allen was attacked.
43. G4S's conduct fell far below the applicable standard of care, amounting to a breach of duty to Allen. As direct and proximate cause of G4S's conduct, Allen suffered physical injuries.

**Count IV - Negligent Hiring (G4S)**

44. Plaintiff adopts and incorporates all allegations set forth in the preceding paragraphs as if fully stated herein
45. G4S owed a duty of care to Allen. G4S breached that duty by hiring and staffing Jane Doe, who did not have the physical stature, fitness, strength, agility, or coordination to respond effectively to physical altercations with intoxicated adult men or women. G4S had actual and constructive notice that Jane Doe was unfit to perform her roles and duties as a security officer given her age, lack of physical fitness, limited stature, and inexperience. As a direct and proximate result of hiring an unfit security guard, Nurse Allen suffered harm for which G4S is liable.
46. G4S additionally breached their duty to Nurse Allen by chronically understaffing the Emergency Room, including on April 14, 2024. Given the ongoing incidents of escalated altercations in the Emergency Room, G4S elected to continue their practice of staffing the Emergency Room with a lone security officer. As a direct and proximate result of understaffing the Emergency Room, Nurse Allen suffered harm for which G4S is liable.
47.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiffs pray for the following relief:

1. That proper service issue and be served upon the Defendants, and that the Defendants be required to appear and answer this Complaint within the time required by law;

2. That the Plaintiff be awarded all compensatory, consequential, and incidental damages to which the Plaintiff is entitled in an amount in excess of $80,000.00;

3. That a jury of 12 be empaneled to try this cause;

4. That Plaintiffs be awarded all pre-judgment and post-judgment interest, costs, and other expenses; and

5. That the Plaintiffs be awarded all further relief in law or equity to which the Plaintiffs are entitled.

Respectfully submitted this 1st day of November, 2024,

**MARC**
**WALWYN**
**ATTORNEY AT LAW**

Respectfully Submitted,

Marc A. Walwyn, BPR No. 022431
Law Office of Marc Walwyn
412 Georgia Avenue, Ste. 102
Chattanooga, TN 37403
Tel: 423.954.7266
Fax: 423.565-0125
E-Mail: marc@walwynlegal.com

11

Law Office of Marc Walwyn
412 Georgia Ave. Ste. 102
Chattanooga, TN 37403



**CERTIFIED MAIL®**

7015 1520 0000 1614 5068

RDC 99

U.S. POSTAGE P
FCM LG ENV
MC DONALD, TN
NOV 18, 2024
$10.99
S2324E501955-07

**G4S SECURE SOLOUTIONS**
c/o Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203